UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MARTHA REECE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-38-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| OTTER CREEK | ) | **AND ORDER** |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Martha Reece is confined in the Otter Creek Correctional Center ("OCCC") in Wheelwright, Kentucky.  She filed a *pro se* civil complaint [R. 2] under 42 U.S.C. § 1983. Reece alleges that OCCC has engaged in cruel and unusual punishment in violation of her rights under the Eighth Amendment of the United States Constitution by denying her proper and adequate medical care.  Reece only seeks injunctive relief and requests the Court order that OCCC permit her to undergo a Magnetic Resonance Imaging ("MRI") scan to treat her neurological conditions.  [R. 2, p. 7].

This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. *McGore v.  Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (recognizing that before service of process is made on the opposing party, the district court must first screen the case under the criteria of 28 U.S.C. § 1915A and then 28 U.S.C. § 1915(e)(2) before the case can

proceed in due course).

To establish a right to relief under § 1983, Reece must plead and prove two essential elements. First, she must show that she has been deprived of rights secured by the Constitution or laws of the United States, and second, she must demonstrate that the defendant allegedly depriving her of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)); *accord Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 595-96 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## NAMED DEFENDANT

Reece names OCCC as the sole defendant. OCCC is a private prison which houses state probationers, inmates, and parolees. According to the website for the Kentucky Department of Corrections ("KDOC"), http://corrections.ky.gov/instfac/contract.htm, the warden of OCCC is Joyce Arnold.

## ALLEGATIONS OF THE COMPLAINT

Reece states that she has been having medical problems since she arrived at OCCC in

May 2006.[1]  [R. 2 at 1].  Specifically, Reece states that she has various neurological conditions including severe headaches, hearing loss, numbness in her limbs, blurred vision, soreness in her scalp, and discomfort and pain throughout her entire body.  *Id.*  Reece alleges that she has requested an MRI scan, but that unidentified OCCC staff members have refused to order the test.  *Id.* at 7.

Reece attached to her complaint a copy of a Kentucky Department of Corrections (KDOC) Grievance Appeal Form dated December 7, 2007.  *Id.* at 3.  In the Grievance Form, Reece lists her medical concerns and generally alleges, "I don't feel that I get the proper medical care," and states, "My health issues are not being taken seriously."  *Id*.  Reece's Grievance Form also notes, "The staff members always talk mean to me."  *Id*.

Reece acknowledges in the Grievance Form, however, that the OCCC staff did take her to a neurologist on one occasion.  *Id*.  During this doctor's visit, Reece states that the she was prescribed the drug Indomethacin to determine if she was having migraines.  *Id.*  Although the neurologist requested that Reece follow up within four to six weeks, she claims "they never followed up with my appointment."  *Id*.[2]

Additionally, Reece alleges in her complaint, "I was told that an MRI was submitted but denied by corprate [sic] that my symptoms are not neurological. . . .  The nurses are treating me bad.  Acting like I have mental issues and needing to see mental health."  *Id.*

---

[1]  Later in her complaint, however, Reece claims that she has been suffering from her alleged medical problems since August 2006.  [*Id.*, p. 2].

[2]  Reece did not attach the KDOC's response to her December 7, 2007 Grievance Form.

## DISCUSSION

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, *Robinson v. California*, 370 U.S. 660, 666 (1962), prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  The United States Supreme Court has recognized that the Eighth Amendment not only applies to a prisoner's sentence, but it also applies to deprivations that occur during imprisonment that rise to the level of an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

An Eighth Amendment claim asserting "unnecessary and wanton infliction of pain" requires both an objective and a subjective component. *Wilson*, 501 U.S. at 297-99.  The objective component requires the plaintiff to demonstrate that she has been subjected to "sufficiently serious" deprivations so as to deny her "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The subjective component requires the plaintiff to demonstrate that the prison officials acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298.  In other words, a plaintiff advancing a claim of "unnecessary and wanton infliction of pain" must, at minimum, allege "deliberate indifference" to the plaintiff's "serious" medical needs. *Id.* at 297; *accord Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835-36.  Deliberate indifference has also been defined as "more than mere negligence, but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will

4

result.'" *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir. 1995) (quoting *Farmer*, 511 U.S. at 835).

Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment."). The concept of deliberate indifference has been equated with wantonness and with acts that are taken with criminal recklessness. *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). An official must show a conscious disregard to a substantial risk that the inmate will experience serious harm. *Farmer*, 511 U.S. at 839.

"Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle*, 429 U.S. at 104). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.'" *Graham ex rel. Estate of Graham v.*

*County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir. 1976)).

Here, Reece alleges that OCCC medical staff failed to treat her various neurological conditions and refused to allow her to undergo an MRI.  Reece's complaint acknowledges, however, that OCCC staff took her to see a neurologist and that she was prescribed medication.  [R. 2, p. 3].  Thus, by her own admission, Reece has received *some* medical attention although she contends that she was denied follow-up with her doctor and an MRI scan.

It appears that this case may involve merely a difference of opinion as to medical treatment.  In light of Reece's *pro se* status and in an abundance of caution, the Court would benefit from more development of the record through OCCC's response to Reece's medical request for injunctive relief and her allegation that OCCC failed to allow her to follow up with the neurologist.  The Court will require the Warden of OCCC to respond to Reece's Eighth Amendment claim.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1)     The defendant in this action is the Otter Creek Correctional Center.  The Warden of that facility is Joyce Arnold.

(2)     The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the complaint [R. 2] and this Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky.

6

The Office of the General Counsel shall have ten (10) days from the date of entry of this order to complete and file a notice of waiver of service against the named defendant. If a waiver is not filed within said ten (10) days, the Clerk shall notify the *Pro Se* Office.

(3)     The answer to the complaint shall be filed no later than sixty (60) days after the notice of waiver of service is filed. If service is required, however, the answer shall be filed no later than twenty (20) days after service of summons.

(4)     Plaintiff Martha Reece shall keep the Clerk of the Court informed of her current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5)     For every further pleading or other document she wishes to submit for consideration by the Court, Reece must serve a copy of the pleading or document upon OCCC, or, if an appearance has been entered by counsel, upon OCCC's attorney. Reece must send the original papers to be filed with the Clerk of the Court along with a certificate stating the date and that a true and correct copy of the document was mailed to OCCC or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 12th day of May, 2008.



**Signed By:**

***Amul R. Thapar***

**United States District Judge**

7